UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

**CIVIL COMPLAINT**

**Joe L. Ivey, Jr.**, Plaintiff (Pro Se')

Civil Case No. 1:25-cv-1025 (GTS/ML)

PURSUANT TO (A)* **TITLE VII OF THE CIVIL RIGHTS ACT** (AS AMENDED); (B)* **EMPLOYMENT DISCRIMINATION BASED UPON AGE**; (C)* **THE AMERICANS WITH DISABILITIES ACT (42 U.S.C. § 12101 et seq. AS AMENDED)**; (D)* **CIVIL RIGHTS 42 U.S.C. § 1983**; (E)* **18 U.S.C. § 1505**; (F)* **18 U.S. Code § 1519**; (G)* **18 U.S. Code § 245**; (H)* **ABUSE OF PROCESS (FRAUD, COLOR OF LAW)**



U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
JUL 3 1 2025
AT____ O'CLOCK____
John M. Domurad, Clerk - Albany

v.

I* **Sodexo S.A.**,

II* **Sodexo Inc.**,

III* **SDH Services West, LLC**

(Company, Employer, Subsidiary capacities),

IV* **Robert Bruce**

(Personal capacity. Professional capacity).

V* **New York State Division of Human Rights**

(Government, Employer, Investigation capacities),

VI* **Victor P. DeAmelia**

(Personal capacity. Professional capacity),

VII* **Maria Miranda**

(Personal capacity. Professional capacity).

**1\*** This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C. § 2000e et seq., and the Civil Rights Act of 1991, for employment discrimination based on race, color, religion, sex or national origin. Jurisdiction is conferred on this court pursuant to 42 U.S.C. § 2000e-5.

**2\*** This action is brought pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634(b), as amended, for employment discrimination based on age. Jurisdiction is conferred on this court pursuant to 29 U.S.C. §§ 626(c)(1).

**3\*** This is a civil action seeking judgment, relief and/or damages brought pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., as amended, for discrimination based upon a disability and the failure to accommodate same. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343(4).

**4\*** This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is conferred on this court pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4) and 2201.

5\* Venue is invoked pursuant to 28 U.S.C. § 1391.

## PARTIES

**6\* PLAINTIFF:**   JOE L. IVEY, JR., (Pro Se')

P.O. Box 222

Albany, NY 12201


**7.a\* DEFENDANT:** SODEXO S.A.

255, Quai De La Bataille De Stalingrad,

92130 Issy-Les-Moulineaux, France

**7.b\* DEFENDANT:** SODEXO INC.

915 Meeting Street, Suite 1500

North Bethesda, MD 20852-2380

**7.c\* DEFENDANT:** SDH Education West, LLC

915 Meeting Street, Suite 1500

North Bethesda, MD 20852-2380

**7.d\* DEFENDANT:** ROBERT BRUCE (Sodexo - RPI)

110 Eighth Street

Troy, NY, 12180

**8.a\* DEFENDANT:** NEW YORK STATE DIVISION OF HUMAN RIGHTS

One Fordham Plaza, 4th Floor

Bronx, NY 10458

**8.b\* DEFENDANT:** VICTOR P. DEAMELIA

NYSDHR

Empire State Plaza, Agency Bldg 1, 2nd Fl.

Albany, New York 12220

**8.c\* DEFENDANT:** MARIA MIRANDA

NYSDHR

Empire State Plaza, Agency Bldg 1, 2nd Fl.

Albany, New York 12220

**9\*** My disability is as follows: Diagnosed with COVID-19 (August 2021).

**10\*** Defendant(s) conduct is/was discriminatory, harassing, retaliation and obstructive with respect to the following:

i\* My race or color. (African/Black-American)

ii\* My disability (COVID-19).

iii\* My age. (Over 40)

iv\* My right to not work in unsafe conditions.

v\* My right to not have My timesheets to be completely forged (My handwriting and signature imitated from My original submitting).

vi\* My right to identify the employer and employer representative(s) involved with discriminating, harassing and retaliating against Me.

vii* My federal protected rights to enjoy the benefits and rights of participating in a federal protected activity, with any entity that receives federal financial assistance; without interference; without being forced upon to accept or endure another entity's name in place of the responsible employer and employer representatives I've specifically identified in My employment complaint(s).

**11*** The conduct complained of in this action involves:

i* COVID-19 Harassment

ii* Employer(s) Human Resource Management failure.

iii* Unequal terms and conditions of employment.

iv* Reduction in wages.

v* Retaliation.

vi* Discrimination.

vii* Harassment.

viii* Lost/severe decrease in health benefits.

ix* Coerced labor in unsafe conditions.

x* Receiving performance reviews detailing other employees.

xi* Wantonly supervisory forgeries and impersonation of Me.

xii* Being isolated to receive misleading company revenue information for cause of deducted work hours.

xiii* Being isolated to do duties of another facility.

xiv* Being threatened employment termination for not participating in unsafe wiring.

xv* Tampering with state agency investigation captions.

xvi* Violation of state acts, laws and statutes.

xvii* Misleading, tampering with federal agency investigation reviews.

xviii* Violations of U.S. federal acts, laws and statutes.

xix* *Ivey v. City of Albany, et.al.* 1:21-CV-0684 (LEK/CFH) September 29th 2022 (re: New York State Division of Human Rights ("NYSDHR"), Victor P. DeAmelia, dual-filing [pg. 3, 19]) > https://www.govinfo.gov/content/pkg/USCOURTS-nynd-1_21-cv-00684/pdf/USCOURTS-nynd-1_21-cv-00684-0.pdf

xx* **Auditors found lost human rights cases in file labeled 'Twilight Zone'**; State comptroller's office releases audit that reveals systemic problems at New York Division of Human Rights, including massive backlog. Times Union. **Oct. 17th 2024** > https://www.timesunion.com/capitol/article/auditors-lost-human-rights-cases-file-called-19843703.php

## FACTS I: THE PARTIES

**12*** On or about September 8th 2011, Plaintiff Pro Se' Ivey, Jr. was hired as a full-time employee, with medical benefits and time accrual perks by **Defendant SODEXO**.

Plaintiff Pro Se' Ivey, Jr. was hired as a **full-time Dishwasher**; employed by Defendant Sodexo to provide such duties at the **Rensselaer Polytechnic Institute's (R.P.I.) Moe's Southwest Grill location at 1527 15th STREET, TROY NY 12180.**

Plaintiff Pro Se' Ivey, Jr. received multiple outstanding certificates of awards, from Sodexo, from Sodexo management; the certificates say "SODEXO". Pro Se' Ivey, Jr. received various notices including for closures that say "SODEXO". Pro Se' Ivey, Jr. received medical notifications involving COVID-19 that say "SODEXO". Pro Se' Ivey, Jr. received performance evaluations, including one reviewing another employee that said "SODEXO". On or about July 29th 2022, Plaintiff Pro Se' Ivey, Jr. obtained a copy of Defendant(s) Sodexo's management wantonly and retaliative forging and impersonating Plaintiff Ivey, Jr. on a time-off request (*immediately after Plaintiff Pro Se' Ivey, Jr. submitted a time-off request*) … that state "SODEXO". Plaintiff Pro Se' Ivey, Jr. received notices, on or about prior to December 5th 2024, from NYSDHR and USEEOC that state "SODEXO". Days after July 28th 2025, Plaintiff Pro Se' Ivey received an additional copy of USEEOC 90 Notice of Right To Sue, from Defendant Sodexo in an envelope with larger letters on it that says "SODEXO".

**Plaintiff Pro Se' Ivey, Jr. is African-American/Black, Male, Over age 40, over age 50, over age 60, Not a Lawyer, Not a Military Veteran, Not an Elected Official, Not a current Government Employee,** *Not a financial analyst or financial consultant or financial strategist.*

**13.a*** **Defendant Sodexo S.A**. is a global corporation. **Defendant Sodexo Inc.,** located in the United States, is a Sodexo S.A. company. **Walter Gallo,** is/was a representative of the Defendant Sodexo(s); he is/was a Human Resources Manager/Employee Relations Lead for the Defendant Sodexo(s).

Plaintiff Pro Se' Ivey, Jr. was hired to work for employer Defendant Sodexo, Inc., here in North America. Walter Gallo and Plaintiff Pro Se' Ivey, Jr. communicated often.

**13.b\* Defendant Robert Bruce** is/was a representative of the Defendant Sodexo(s); he is/was a Director of Retail Dining/Food Service – who eventually became manager/supervisor, of Sodexo operated Moe's Southwest Grill location in Troy, NY (near 2021, after the surprise relocation and/or termination of Plaintiff Pro Se Ivey, Jr.'s original and female supervisor of 10 years). **Defendant Bruce has also presented himself as a Chief Financial Officer (CFO) on behalf of Defendant Sodexo to Plaintiff Pro Se' Ivey, Jr.**

Defendant Bruce had impressed himself of CFO decision-maker regarding Sodexo's budget in relation to Plaintiff Pro Se' Ivey, Jr. work hours need to be decreased on or about <u>April 6th 2022</u>; his targeting approach, statements and action pushed Pro Se' Ivey, Jr. into poverty status. Shortly afterwards, Defendant Sodexo S.A. indicated that there's was global revenue growth during and including the season that Defendant Bruce targeted Plaintiff Pro Se' Ivey, Jr. (after Plaintiff Pro Se' Ivey, Jr. had reported to Walter Gallo about Defendant Bruce making harassing phone calls to Plaintiff Pro Se' Ivey, Jr. who had COVID per RPI physicians).

**14.a\* Defendant New York State Division of Human Rights** is responsible for accepting, filing and investigating employment discrimination, harassment and retaliation, including that of age and disability. Defendant NYSDHR dual-files complaints; a share agreement with federal agency USEEOC.

Complaints are filed upon being received by Defendant NYSDHR; it has been publicly promoted also. They even date-stamped complaints for when its received as to preserve the timeliness of someone's complaint and provide a **"case number."**

**14.b\* Defendant Victor P. DeAmelia** had been a Regional Director for NYSDHR for a long time, covering the Capitol Region (Albany, Troy, Schenectady, Renssalaer, etc.). He had possession of Plaintiff Ivey, Jr.'s complaint of <u>August 22nd 2022</u> that was date-stamped by NYSDHR for filing.

Between about <u>November 9th 2022 – October 24th 2024</u>, Defendant DeAmelia communicated to Plaintiff Pro Se' Ivey, Jr. regarding NYSDHR's "Ivey v. **Sodexo**"; he communicated as "Regional Director".

According to Defendant NYSDHR's website, *"Victor DeAmelia has served as Assistant Deputy Commissioner of Intake for the Division of Human Rights since September 2024. Prior to this, Mr. DeAmelia served as the Regional Director for the Division's Albany and Binghamton regional office since 2012."* > https://dhr.ny.gov/dhr-executive-team

According to Dictionary.com, "prior" is *"... former; previous."* > https://www.dictionary.com/browse/prior

Additionally, Defendant NYSDHR and Defendant DeAmelia were concurrently defendant(s) in *Ivey v. City of Albany, et.al. 1:21-CV-0684* (LEK/CFH) – regards to Defendant DeAmelia not dual-filing complaints (as Plaintiff Pro Se' Ivey was told by Defendant NYSDHR's Helen that Defendant DeAmelia would be involved with ensuring complaints are dual-filed as signed for). On or about November 9th 2022, there were moving papers regarding *Ivey v. City of Albany, et.al. USNDNY 1:21-CV-0684* (per This Honorable Court's jurisdiction).

**14.c*** **Defendant Maria Miranda**, communicated to Plaintiff Pro Se' Ivey on or about November 26th 2024. She indicated that she was "Acting Regional Director".

Defendant Miranda said that NYSDHR did not receive a response from Plaintiff Pro Se' Ivey, Jr. per Defendant DeAmelia's notice to Plaintiff Pro Se' Ivey, Jr… eventhough NYSDHR was in possession of Plaintiff Pro Se' Ivey, Jr.'s response(s).

Defendant Miranda went to the length of altering the caption of Ivey v. Sodexo; to compliment Defendant Sodexo, by removing Defendant Sodexo from the caption and replacing Defendant Sodexo name with another entity.

### FACTS II: Defendants Sodexo, Sodexo Inc., SDH Services West, LLC (Company, Employer, Subsidiary capacities), Robert Bruce (Personal, Professional capacities)

**15*** On or about **August 18th 2021 – September 2nd 2021**, Plaintiff Pro Se' Ivey Jr. complied with COVID-19 protocol to quarantine; as expected per Defendant Sodexo, Defendant Sodexo's Gallo, Defendant Bruce, RPI physician(s)… and as expected per **State of New York Health Department**.

**16*** On or about **August 31st 2021**, Pro Se' Plaintiff Ivey, Jr. received a phone message from Defendant Bruce; in which Defendant Bruce pressured Pro Se' Plaintiff Ivey, Jr. about job-abandonment. Defendant Bruce message(s) caused additional anxiety and fear upon an already ailing Plaintiff Pro Se' Ivey, Jr.; to harass, intimidate and/or threaten Plaintiff Pro Se' Ivey, Jr.

**17*** On or about **August 31st 2021**, after Defendant Bruce's discriminative, harassive and retaliative messages, Plaintiff Pro Se' Ivey, Jr. spoke with Defendant Sodexo's Gallo, in which Defendant Sodexo's Gallo was shocked expressing "He did what!!??"

Defendant Sodexo's Gallo expressed that he would handle it.

**18.a*** On or about **November 22nd 2021**, Plauntiff Pro Se' Ivey, Jr. received a notice(s) from Defendant Sodexo regarding **Leave of Absence (LOA)** and being a **"Part-time" employee**.

The crafted notice regarding Leave of Absence <u>did not</u> have a date on top of the page.

The crafted notice regarding Leave of Absence <u>did not</u> have a specific time period coverage of Leave of Absence. The crafted notice regarding Leave of Absence <u>did not</u> specify Plauntiff Pro Se' Ivey, Jr.'s name or similar thereof; the notice was generalized as "Dear Employee"… as if crafted and circulated for general employees' consumptions. The crafted notice regarding Leave of Absence was akin to a "ghost-writer's letter". Plaintiff Pro Se' Ivey, Jr. <u>did not/had not</u> submit(ted) any request for Leave of Absence. Plaintiff Pro Se' Ivey, Jr. had accrued and continued to accrue vacation and sick time. Plaintiff Pro Se' Ivey, Jr. had more than enough accrued time to cover anytime off… per his preference to submit REQUEST FOR TIME OFF.

**18.b\*** Plaintiff Pro Se' Ivey, Jr. <u>did not/has not</u> receive(d) anything from Defendant Sodexo, Defendant Sodexo's Gallo or Defendant Bruce, that Plaintiff Pro Se' Pro Se' Ivey, Jr. submitted a request for Leave of Absence on any specific date.

Plaintiff Pro Se' Ivey, Jr. <u>did not/has not</u> receive(d) from Defendant Sodexo, Defendant Sodexo Gallo or Defendant Bruce, that Plaintiff Pro Se' Pro Se' Ivey, Jr. submitted a request for Leave of Absence for any specific timeframe. Plaintiff Pro Se' Ivey, Jr. <u>did not/has not</u> receive(d) anything from Defendant Sodexo, Defendant Sodexo's Gallo or Defendant Bruce, that Plaintiff Pro Se' Pro Se' Ivey, Jr. was approved for Leave of Absence requested, on any specific time for any specific timeframe.

Plaintiff Pro Se' Ivey, Jr. <u>did not/has not</u> receive(d) anything from Defendant Sodexo, Defendant Sodexo's Gallo or Defendant Bruce, that Plaintiff Pro Se' Ivey, Jr. failed to submit for Leave of Absence requested, on any specific time for any specific timeframe.

**18.c\*** On or about **November 22nd 2021**, Defendant Sodexo's notice of Leave of Absence – provided to Plaintiff Pro Se' Ivey, Jr. - was sent over to Defendant Sodexo's Gallo, along with a female supervisor's notice of Leave of Absence (who received the same type of notice as Plaintiff Pro Se' Ivey, Jr.). The notices were sent by the female supervisor (according to the female supervisor).

On or about **December 17th 2021**, it was expressed to Plaintiff Pro Se' Ivey, Jr.…. that Defendant Sodexo's Gallo "responded about her notice" – but Defendant Sodexo's Gallo did not/would not respond regarding Plaintiff Pro Se' Ivey, Jr.'s received notice of Leave of Absence (not respond to Plaintiff Pro Se' Pro Se' Ivey, Jr. or Defendant Sodexo's female-supervisor about notice to Plaintiff Pro Se' Ivey, Jr.)

**19.a\*** On or about **December 17th 2021**, Plaintiff Pro Se' Ivey, Jr. submitted 2-3 separated REQUEST FOR TIME OFF forms – for vacation accruals usage for pay while out on seasonal break – to avoid seasonal break with no/without full pay.

The forms were sent over by a female supervisor, along with her form(s), and other employees requested forms for seasonal break accrual usage. The supervisor(s) were expressing their amazement of how large amount of accrued time Plaintiff Pro Se' Ivey, Jr. had; as a result of him being present for work as scheduled. Plaintiff Pro Se' Ivey, Jr. accrued time for PTO, sick,

vacation as a full-time employee for Defendant Sodexo; which relate to benefit perks of medical coverage.

**19,b*** Approximately <u>**December 24th 2021 – January 6th 2022**</u>, Plaintiff Pro Se' Ivey, Jr. did not receive a full check(s) which were supposed to generate per his submitting of REQUEST FOR TIME OFF forms for seasonal break.

For approximately 10 years as an employee of Defendant Sodexo (and under a previous manager name (ie. "Candace")… Plaintiff Pro Se' Ivey, Jr. ***did not*** have any such issue(s). Plaintiff Pro Se' Ivey, Jr. struggled during Christmas and New Years holidays due to not receiving his full checks; he received a check closely limited to Christmas day pay and a check closely limited to New Years Day pay (paid holidays) – which may have been subject to Defendant Sodexo's employment medical benefit coverage payments.

**20.a*** On or about <u>March 25th 2022</u>, a Defendant Sodexo female supervisor issued Plaintiff Pro Se' Ivey, Jr. a crafted defective performance evaluation in a degrading manner. The female supervisor has boasted an impression(s) of being a representative of Defendant Bruce **(ie. "I'll do anything for my boss").**

The Defendants' female supervisor issued the performance evaluation to Plaintiff Pro Se' Ivey, Jr., by tossing it on a workstation near Plaintiff Pro Se' Pro Se' Ivey, Jr. The Defendants' Sodexo female supervisor followed up - making the statement **"You can take it or leave it."**

*Plaintiff Pro Se' Ivey, Jr. does not know who authorized and/or instructed this specific female-supervisor actions to toss an employee performance evaluation near Plaintiff Pro Se' Ivey, Jr. and announce, "You can take it or leave."*

**20.b*** Plaintiff Pro Se' Ivey, Jr. gathered the crafted performance evaluation with his name typed in at the top of the form. Plaintiff Pro Se' Ivey, Jr. recognized defectiveness in Defendants' **Spirit of Sodexo Frontline Performance Review Form.**

The Defendants' **Spirit of Sodexo Frontline Performance Review Form** did have Defendant Robert name typed in at the top of the form. The performance evaluation <u>**did not**</u> have Defendant Bruce's signature (or dated thereof) on the bottom line.

The Defendants' **Spirit of Sodexo Frontline Performance Review Form** had **"Date: January 2022"** typed in near the top of the form. <u>**January 1st 2022 – March 25th 2022**</u> = approx. **85 days, 12 weeks, 2.8 months, ¼ of 1 year**.

The Defendants' **Spirit of Sodexo Frontline Performance Review Form** gave an evaluation of another employee / another individual. **It stated, "Joe Isiah is always in uniform and ready to begin work promptly after arrival."**

**21.a*** On or about <u>April 6th 2022</u>, Defendant Bruce came to Rensselaer Polytechnic Institute's (R.P.I.) Moe's Southwest Grill location in Troy, NY. He passed other employees (including female-supervisors) and came down to the basement to Plaintiff Pro Se' Pro Se' Ivey, Jr.'s workstation. Defendant Bruce wanted to, and did, interrupt Plaintiff Pro Se' Pro Se' Ivey, Jr. from job duties.

### Defendant Bruce gathered Plaintiff Pro Se' Pro Se' Ivey, Jr.'s attention to talk about Defendant Sodexo's financial status.

Defendant Bruce wanted to, and did, use his Defendant Sodexo professional employment authority to interrupt Plaintiff Pro Se' Ivey, Jr.'s work duties… so that Defendant Bruce could chief-financial officially stated he **"no longer need a dishwasher", because of Defendant Sodexo's financial status**.

After Defendant Bruce made a sleek exit, Plaintiff Pro Se' Ivey, Jr. went up the stairs to speak with the other employees and female supervisors regarding Defendant Bruce. Plaintiff Pro Se' Ivey, Jr. inquired to the female supervisor and others if Defendant Bruce came to them about Sodexo finances and that a dishwasher is no longer needed; the audience was clueless and expressed, "He didn't say nothing to us about it, Joe".

**21.b*** Per *Sodexo-run WVU dining halls repeatedly violated health code standards Inspectors found a moldy pop machine, oily walls and a 94-degree freezer.* THE DAILY ATHENAEUM. April 13th 2022. "*The inspectors visited the dining hall again two weeks later on Nov. 17 and found that the dirty dishes were still piling up around the kitchen. The action plan had not been submitted but management said they had just hired a person for the dish wash area.*" > https://www.thedaonline.com/news/university/sodexo-run-wvu-dining-halls-repeatedly-violated-health-code-standards/article_575c5dce-83b8-11ec-8918-5f752f145774.html

Per Defendant Sodexo's *Sodexo Q3 Fiscal 2022 better than expected Revenue growth: +23.2%.* <u>June 30th 2022</u> *"Growth in the third quarter has been strong in all activities, segments and geographies, helped by post-Omicron On-site volume recovery and price revisions."* - Sophie Bellon Chairwoman and CEO > https://www.sodexo.com/news/newsroom/2022/q3-fiscal-2022-revenue

Per Dictionary.com "geographical" is "relating to... industries, etc., of a region or regions." > https://www.dictionary.com/browse/geographical

**22*** Since about <u>April 6th 2022 – Todate</u>, Plaintiff Pro Se' Ivey, Jr. – a hired full time employee of Defendant Sodexo, has been forced to work part-time hours.

This continued while other new and returning employees are believed to have been hired/re-hired for full time hours at Defendant Sodexo's managed RPI Moe's Southwest Grill location; many employees are younger than Plaintiff Pro Se' Ivey, Jr. This continued/continues per the managerial jurisdiction of Defendant Sodexo's Gallo and Defendant Bruce.

It's believed this continued while other full-time employees for Defendant Sodexo were not demoted to part-time hours… including specific supervisors, Defendant Sodexo's Gallo and Defendant Bruce. **Plaintiff Pro Se' Ivey, Jr. has/had age and working seniority.**

**23\*** On or about July 29th 2022, Defendant Bruce **perfected criminal forgery** on a Defendant Sodexo's **REQUEST FOR TIME OFF FORM** in his own handwriting, with Plaintiff Pro Se' Pro Se' Ivey, Jr's name, a date, and other statements. Defendant Bruce forged Defendant Sodexo's REQUEST FOR TIME OFF FORM to create/re-create it look as if Plaintiff Pro Se' Pro Se' Ivey, Jr. handwrote that specific sheet and submitted that specific sheet. It is believed that Defendant Bruce forgery document was added to Plaintiff Pro Se' Ivey, Jr.'s personal/professional history folder as an employee of Defendant Sodexo.

Defendant Bruce did this after Plaintiff Pro Se' Ivey, Jr. submitted a REQUEST FOR TIME OFF FORM on Defendant Sodexo's form for request.

**Defendant Bruce did this in retaliation, and wanton animus.**

**24.a\*** On or about **August 22nd 2022**, Plaintiff Pro Se' Ivey, Jr. submitted his complaint to NYS-DHR Binghamton. Specific full details of adverse action(s) and description(s) with attachments had been submitted to, **and** received by NYS-DHR Binghamton, on or about **August 22nd 2022**.

Plaintiff Pro Se' Ivey, Jr. had the privilege of speaking with NYS-DHR Intake Specialist "Ms. Helen" – who indicated the complaint and its information was being entered into NYS-DHR's log. *NYS-DHR Specialist Helen and Plaintiff Pro Se' Ivey, Jr. spoke on occasions*… it was expressed for Plaintiff Pro Se' Ivey, Jr. to keep noting any additional/newer scenarios of endured adverse actions.

**24.b\*** On or about September 1st 2022, Defendant Bruce wanted to, and did, issue a disciplinary notice/negative report of alleged insubordination(s) against Plaintiff Pro Se' Ivey, Jr.

**24.c\*** On or about September 1st 2022, in Defendant Bruce's disciplinary notice/negative report of alleged insubordination(s) against Plaintiff Pro Se' Ivey, Jr.… Defendant Bruce wanted to specifically enlarge the scope as far back as the year 2015.

Defendant Bruce *did **not** want* the Defendant Sodexo's on-premises direct female-supervisor of Plaintiff Pro Se' Ivey, Jr. to be in attendance… while Defendant Bruce issued a disciplinary notice/negative report of alleged insubordination(s) against Plaintiff Pro Se' Ivey, Jr.

Defendant Bruce gave a look to the Defendant Sodexo's female-supervisor – to stay away (ie. "this is grown men discussion… you're not invited… know your place").

Defendant Bruce arranged for another male-manager/supervisor, from a different working location, to be in attendance for Defendant Bruce's issuance of a disciplinary notice/negative report of alleged insubordination(s) against Plaintiff Pro Se' Ivey, Jr.

**24.d*** On or about <u>September 1st 2022</u>, Defendant Bruce wanted to, and did, issue a disciplinary notice/negative report of alleged insubordination(s) against Plaintiff Pro Se' Ivey, Jr… **after** Plaintiff Pro Se' Ivey, Jr. submitted his complaint to NYS-DHR Binghamton, on or about <u>August 22nd 2022</u>.

Plaintiff Pro Se' Ivey, Jr. *had not seen* Defendant Bruce since about <u>April 6th 2022 – August 31st 2022</u>; since Defendant Bruce's chief financial officiating at Plaintiff Pro Se' Ivey Jr.'s basement workstation.

Plaintiff Pro Se' Ivey, Jr. *does <u>not</u> know* if NYS-DHR contacted Defendant Sodexo, Defendant Gallo, or Defendant Bruce approximately <u>August 22nd 2022 – September 1st 2022</u>; after NYS-DHR Binghamton received Plaintiff Pro Se' Ivey Jr's submitted complaint on or about <u>August 22nd 2022</u>.

**25.a*** On or about <u>September 7th 2022</u>, Plaintiff Pro Se' Ivey, Jr. and Defendant Gallo communicated with each other - regarding Defendant Bruce's <u>September 1st 2022</u> disciplinary notice/negative report of alleged insubordination(s) against Plaintiff Pro Se' Ivey, Jr.

Defendant Sodexo's Gallo expressed, "Joe, we never have any issues with you. I'll handle it, Joe. I'll handle it…"

**25.b*** On or about <u>September 7th 2022</u>, Plaintiff Pro Se' Ivey, Jr. and Defendant Gallo spoke with each other, regarding Defendant Bruce's <u>September 1st 2022</u> disciplinary notice/negative report of alleged insubordination(s) against Plaintiff Pro Se' Ivey, Jr. – *and other health and safety matters*… **as Plaintiff Pro Se' Ivey, Jr. and Defendant Gallo stood face-to-face, in continual levee breached- monthly on-going flood waters upon Plaintiff Pro Se' Ivey Jr.'s basement workstation, at Defendant Sodexo's managed Rensselaer Polytechnic Institute's (R.P.I.) Moe's Southwest Grill location in Troy, NY.**

Since about <u>June 2021 – October 2022</u> (approx. up to 690 days, 98 weeks, 23 months, 1.83 years), Plaintiff Pro Se' Ivey, Jr. has notified Defendant Sodexo, Defendant Sodexo's Gallo, and Defendant Bruce of workplace issues, including safety and health hazards to employees and work environment.

About <u>September 2022 – October 2022</u>, Plaintiff Pro Se' Ivey, Jr. did notify government officials. A government investigating official ***requested photos*** of the continual levee breached- monthly on-going flood waters upon Plaintiff Pro Se' Ivey Jr.'s basement workstation… *Plaintiff Pro Se' Ivey, Jr. complied.* The United States government officials of OSHA responded to the parties.

It is believed that the Defendants' remedy to the issue(s) is/was to re-assign/relocate ONLY Plaintiff Pro Se' Ivey, Jr. to a less desirable location - for an intended unspecified amount time without or hidden a paper-trail. This was done upon notifications from the United States government safety officials.

Dishes from Moe's Southwest Grill were sent to the new location where Plaintiff Pro Se' Ivey, Jr. was supposed to have been tentatively relocated. However, Defendant Sodexo's Moe's Southwest Grill dishes were sent only for Plaintiff Pro Se' Ivey, Jr. to wash and not for other Sodexo dishwashers to assist washing; eventhough Plaintiff Pro Se' Ivey, Jr. had to wash dishes that also piled up at the reassigned location – helping the other dish washers.

**26\*** In or about 2024, Plaintiff Pro Se' was threatened about termination, because he raised the issue of unsafe conditions about wiring.

**27\*** In or about 2024-2025, Defendants Sodexo management tried to pass of fraudulent documents to Plaintiff Pro Se' Ivey, Jr. to sign off on.

**28\*** On or about October 17th 2024, Defendant Sodexo tampered, altered, intended to influence NYSDHR to change the caption to *"Ivey v. SDH Education West, LLC"*.

This information would be eventually passed onto the federal investigating agency USEEOC.

## FACTS III: Defendants New York State Division of Human Rights (Government, Employer, Investigation capacities), Victor DeAmelia (Personal, Professional capacities), Maria Miranda (Personal, Professional capacities)

**28.a\*** On or about **August 22nd 2022**, Defendant NYSDHR received Plaintiff Pro Se' Ivey Jr.'s original Employment Complaint Form for filing. Per NYS-DHR webpage - **Investigative Procedure "Once a regional office receives your complaint the investigation by the Division of Human Rights will begin."** > https://dhr.ny.gov/complaint

They stamped it.

**28.b\*** Plaintiff Pro Se' Ivey, Jr.'s submitted adverse action(s), descriptions, and details of Basis of alleged discrimination: **Age, Disability, Gender or Expression, Race/Color or Ethnicity, Retaliation, Relationship or Association.** Complainant Pro Se' Ivey, Jr. submitted his complaint per the **harassment(s)** he'd endured and continued enduring.

**Plaintiff Pro Se' Ivey, Jr. handwrote intel on the official NYSDHR employment complaint form... and needed more space to write - and continued writing on a separate sheet(s) of paper(s) and attached it to the NYS-DHR complaint form.** The narrative of events, and adverse actions, tied back to the bases or basis Plaintiff Pro Se' Ivey, Jr. marked off/X-off on his complaint form.

**30\*** On or about **November 9th 2022**, Defendant NYSDHR emailed Plaintiff Pro Se' Ivey, Jr.

The email from dhr.sm.AlbanyBingOfficeFax stated: *"November 9, 2022... Re: Your submission to the Division of Human Rights Control No. 10220012... The Division is in receipt of your recent submission alleging discrimination... ALL INFORMATION MUST*

*BE PROVIDED ON THE OFFICIAL COMPLAINT FORM THAT HAS BEEN RETURNED TO YOU. Your narrative of events does not tie back to any of the bases you checked off on your complaint. Please explain what adverse actions occurred… Very truly yours, Victor P. DeAmelia Regional Director."*

The letter was signed with a signature; it is believed to be the name of/signed by the person who submitted the correspondence to Plaintiff Pro Se' Ivey, Jr.

**31\*** On or about <u>April 23rd, 2023</u>, Defendant DHR received a typed narrative from Plaintiff Pro Se' Ivey, Jr.

**32\*** On or about August 2024, Defendant Victor P. DeAmelia sent Plaintiff Pro Se' Ivey, Jr. a notice that Pro Se' Ivey, Jr. complaint was now considered filed on or about April 23rd 2023.

He stated it was dual-filed with USEEOC; he signed as "Regional Director".

Defendant NYSDHR's **Control No. 10220012"** was now a case number.

**33\*** On or about <u>October 25th 2024</u>, Defendant Victor P. DeAmelia sent Plaintiff Pro Se' Ivey, Jr. a copy of Defendant Sodexo's **October 17th 2024** response.

Defendant Victor P. DeAmelia signed as "Regional Director".

Defendant NYSDHR's caption was *"Ivey v. Sodexo Case No. 10220012"*.

**34\*** On or about November 9th 2024, Defendant NYSDHR received Plaintiff Pro Se' Ivey, Jr.'s response to Defendant Sodexo's response of **October 17th 2024**.

**35\*** On or about November 26th 2023, Defendant NYSDHR's acting Regional Director, Defendant M. Miranda expressed that a response has not been received Plaintiff Pro Se' Ivey, Jr.

On or about December 2nd 2024, Plaintiff Pro Se' Ivey, Jr. submitted an additional response with proof of service of the prior response of or about November 9th 2024.

**36\*** On or about December 4th 2024, Plaintiff Pro Se' Ivey, Jr. reminded Defendant M. Miranda of the appropriate caption. **He provided court documents of Defendant Sodexo taking Defendant NYSDHR to court in the State of New York.**

On or about <u>December 5th</u> 2024, Defendant M. Miranda decided to alter, interfere with, change Defendant NYSDHR's heading to *"Ivey v. SDH Education West, LLC".*

She forced this via *color of law* after Plaintiff Pro Se' Ivey, Jr. provided **18 U.S. Code § 245 Federally protect activities from Cornell Law because The Defendants were attempting to interfere, obstruct Plaintiff Pro Se Ivey's right to enjoy identifying the appropriate employer regarding discrimination, harassment, retaliation and disability unlawfulness.**

**37\*** <u>In or about 2025</u>, Plaintiff Pro Se' Ivey, Jr. submitted an additional complaint against Defendants Sodexo; Defendant NYSDHR sent back a caption of *"SDH Education East, LLC".*

### 1* CAUSE OF ACTION: TITLE VII OF THE CIVIL RIGHTS ACT - Sodexo, Sodexo Inc., SDH Services West, LLC (Company, Employer, Subsidiary capacities),

Plaintiff Pro Se' Ivey, Jr. asserts Defendants Sodexo, Sodexo Inc., SDH Services West, LLC (Company, Employer, Subsidiary capacities), are liable for violation of Title VII of The Civil Rights Acts, as employers; and not addressing or stopping Defendant Bruce actions against Plaintiff Pro Se' Ivey, Jr.

The Defendants are responsible for actions of other employees' actions against Plaintiff Pro Se' Ivey, Jr.

The Defendants are responsible for unhealthy safety hazards Plaintiff Pro Se' Ivey, Jr. had to endure.

As detailed within "**FACTS II: Defendants Sodexo, Sodexo Inc., SDH Services West, LLC** (Company, Employer, Subsidiary capacities)**, Robert Bruce** (Personal, Professional capacities)" [15*-28*].

### 2* CAUSE OF ACTION: EMPLOYMENT DISCRIMINATION BASED UPON AGE - Sodexo, Sodexo Inc., SDH Services West, LLC (Company, Employer, Subsdiary capacities),

Plaintiff Pro Se' Ivey, Jr. asserts Defendants Sodexo, Sodexo Inc., SDH Services West, LLC (Company, Employer, Subsidiary capacities), are liable for violation of EMPLOYMENT DISCRIMINATION BASED UPON AGE, as employers; and not addressing or stopping Defendant Bruce actions against Plaintiff Pro Se' Ivey, Jr.

The Defendants are responsible for actions of other employees' actions against Plaintiff Pro Se' Ivey, Jr.

The Defendants are responsible for unhealthy safety hazards Plaintiff Pro Se' Ivey, Jr. had to endure.

As detailed within "**FACTS II: Defendants Sodexo, Sodexo Inc., SDH Services West, LLC** (Company, Employer, Subsidiary capacities)**, Robert Bruce** (Personal, Professional capacities)" [15*-28*].

### 3* CAUSE OF ACTION: THE AMERICANS WITH DISABILITIES ACT (42 U.S.C. § 12101 et seq. AS AMENDED) AGE - Sodexo, Sodexo Inc., SDH Services West, LLC (Company, Employer, Subsidiary capacities),

Plaintiff Pro Se' Ivey, Jr. asserts Defendants Sodexo, Sodexo Inc., SDH Services West, LLC (Company, Employer, Subsidiary capacities), are liable for violation of THE AMERICANS WITH DISABILITIES ACT (42 U.S.C. § 12101 et seq. AS AMENDED) AGE, as employers; and not addressing or stopping Defendant Bruce actions against Plaintiff Pro Se' Ivey, Jr.

The Defendants are responsible for actions of other employees' actions against Plaintiff Pro Se' Ivey, Jr.

The Defendants are responsible for unhealthy safety hazards Plaintiff Pro Se' Ivey, Jr. had to endure.

As detailed within "**FACTS II: Defendants Sodexo, Sodexo Inc., SDH Services West, LLC** (Company, Employer, Subsidiary capacities)**, Robert Bruce** (Personal, Professional capacities)" [15*-28*].

## 4* CAUSE OF ACTION: CIVIL RIGHTS 42 U.S.C. § 1983 - Sodexo, Sodexo Inc., SDH Services West, LLC (Company, Employer, Subsdiary capacities),

Plaintiff Pro Se' Ivey, Jr. asserts Defendants Sodexo, Sodexo Inc., SDH Services West, LLC (Company, Employer, Subsidiary capacities), are liable for violation of CIVIL RIGHTS 42 U.S.C. § 1983, as employers; and not addressing or stopping Defendant Bruce actions against Plaintiff Pro Se' Ivey, Jr.

The Defendants are responsible for actions of other employees' actions against Plaintiff Pro Se' Ivey, Jr.

The Defendants are responsible for unhealthy safety hazards Plaintiff Pro Se' Ivey, Jr. had to endure.

As detailed within "**FACTS II: Defendants Sodexo, Sodexo Inc., SDH Services West, LLC** (Company, Employer, Subsidiary capacities)**, Robert Bruce** (Personal, Professional capacities)" [15*-28*].

## 5* CAUSE OF ACTION: 18 U.S.C. § 1505; Obstruction of proceedings before departments, agencies, and committees - Sodexo, Sodexo Inc., SDH Services West, LLC (Company, Employer, Subsdiary capacities),

Plaintiff Pro Se' Ivey, Jr. asserts Defendants Sodexo, Sodexo Inc., SDH Services West, LLC (Company, Employer, Subsidiary capacities), are liable for violation of 18 U.S.C. § 1505; Obstruction of proceedings before departments, agencies, and committees, as employers.

Influencing the wrong entity to be investigated by NYSDHR, USEEOC. (ie. SDH Services West LLC)

**6* CAUSE OF ACTION: 18 U.S. Code § 1519 Destruction, alteration, or falsification of records in Federal investigations and bankruptcy** - Sodexo, Sodexo Inc., SDH Services West, LLC (Company, Employer, Subsdiary capacities, ),

Plaintiff Pro Se' Ivey, Jr. asserts Defendants Sodexo, Sodexo Inc., SDH Services West, LLC (Company, Employer, Subsidiary capacities), are liable for violation of 18 U.S. Code § 1519 Destruction, alteration, or falsification of records in Federal investigations and bankruptcy, as employers.

Influencing, misleading the wrong entity to be investigated by NYSDHR, USEEOC. (ie. SDH Services West LLC)

JOE L. IVEY, JR.

*[signature]*

DATE 7/31/2025