UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

JOE L. IVEY, JR.,

                      Plaintiff,

v.                                     1:25-CV-1025
                                     (GTS/ML)

SODEXO S.A.; SODEXO INC.; SDH SERVICES
WEST, LLC, Company, Employer, Subsidiary
capacities; ROBERT BRUCE, Personal capacity,
Professional capacity; NEW YORK STATE
DIVISON OF HUMAN RIGHTS, Government,
Employer, Investigation capacities; VICTOR P.
DeAMELIA, Personal capacity, Professional capacity;
and MARIA MIRANDA, Personal capacity, Professional
capacity,

                      Defendants.

_____

APPEARANCES:                          OF COUNSEL:

JOE L. IVEY, Jr.
  Plaintiff, *Pro Se*
P.O. Box 222
Albany, NY 12201

HARRIS BEACH MURTHA CULLINA PLLC      DANIEL J. MOORE, ESQ.
  Counsel for Sodexo Defendants           DANIEL J. PALERMO, ESQ.
99 Garnsey Road
Pittsford, NY 14534

HON. LETITIA A. JAMES                  ANNA R. WRIGHT, ESQ.
NEW YORK STATE ATTORNEY GENERAL    Assistant Attorney General
  Counsel for the NYSDHR Defendants
300 South State Street, Suite 300
Syracuse, NY 13202

GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

Currently before the Court, in this action filed *pro se* by Joe L. Ivey, Jr. ("Plaintiff") against Sodexo S.A., Sodexo Inc., SHD Services West, LLC, and Robert Bruce (collectively the "Sodexo Defendants"), and against the New York State Division of Human Rights, ("NYSDHR"), Victor P. DeAmelia, and Maria Miranda (collectively the "NYSDHR Defendants") are the following two motions: (1) the Sodexo Defendants' motion to dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 8(a)(2), Fed. R. Civ. P. 12(b)(1), and Fed. R. Civ. P. 12(b)(6); and (2) the NYSDHR Defendants' motion to dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 8(a)(2), Fed. R. Civ. P. 12(b)(1), and Fed. R. Civ. P. 12(b)(6), or, in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56. (Dkt. Nos. 35, 36.)  For the reasons set forth below, Defendants' motions are both granted and Plaintiff's Amended Complaint is dismissed, although the Court will permit Plaintiff a limited opportunity to file a motion to amend his Amended Complaint in light of his *pro se* statuts.

I.    **RELEVANT BACKGROUND**

A.    **Plaintiff's Amended Complaint**

Plaintiff filed his original Complaint in this action on July 31, 2025.  (Dkt. No. 1.) Following the filing of initial motions to dismiss that Complaint on November 21, 2025, and December 4, 2025, Plaintiff filed a motion to amend his Complaint, which was granted on January 7, 2026.  (Dkt. Nos. 23, 30.)  Plaintiff filed the Amended Complaint on February 9, 2026.  (Dkt. No. 33.)

In his Amended Complaint, Plaintiff generally asserts the same 26 claims against all Defendants: (1) a claim of age discrimination pursuant to the Age Discrimination in Employment Act ("ADEA"); (2) a claim of age discrimination pursuant to the Age Discrimination Act of

2

1975; (3) a claim of disability discrimination pursuant to the Americans with Disabilities Act ("ADA"); (4) a claim for violation of his civil rights pursuant to 42 U.S.C. § 1983; (5) a claim for discrimination and/or retaliation pursuant to Title VI of the Civil Rights Act of 1964; (6) a claim for discrimination and/or retaliation pursuant to Title VII of the Civil Rights Act of 1964; (7) a claim based on a violation of N.Y. C.P.L.R. § 3016(b); (8) a claim for a violation of N.Y. Exec. L. § 290; (9) a claim for discrimination pursuant to N.Y. Exec. L. § 296; (10) a claim for a violation of N.Y. Exec. L. § 297; (11) a claim for retaliation pursuant N.Y. Lab. L. § 740; (12) a claim for a violation of N.Y. Civ. R. L. §40-c; (13) a claim for a violation of N.Y. C.R.R. § 465.3; (14) a claim for abuse of process; (15) a claim for breach of duty of care; (16) a claim for conspiracy; (17) a claim for constructive discharge; (18) a claim for discrimination; (19) a claim for forgery; (20) a claim for fraud; (21) a claim for harassment; (22) a claim for identity theft; (23) a claim for impersonation; (24) a claim for misrepresentation; (25) a claim for negligence; and (26) a claim for retaliation.  (Dkt. No. 33, at 60-71.)

Finally, the Court observes that, based on the allegations in Plaintiff's Amended Complaint, the only apparent basis for federal-court jurisdiction over his claims arises from the assertion of causes of action pursuant to federal law.

**B.      Parties' Briefing on Defendants' Motions to Dismiss**

**1.        Sodexo Defendants' Memorandum of Law**

Generally, in their opening memorandum of law, the Sodexo Defendants make eight arguments.  (Dkt. No. 36, Attach. 3.)  First, the Sodexo Defendants argue that Plaintiff's Amended Complaint does not comply with Fed. R. Civ. P. 8 because he has not made clear, in his 75-page complaint, what factual allegations support which claims against which defendants,

and his *pro se* status cannot excuse these deficiencies given that he has demonstrated that he has experience and familiarity with litigation in federal court. (*Id.* at 12-14.)

Second, the Sodexo Defendants argue that Plaintiff's claims pursuant to 42 U.S.C. § 1983 must be dismissed because the Sodexo Defendants are private actors and were not acting under the color of state law in taking the relevant alleged actions against him. (*Id.* at 14-15.)

Third, the Sodexo Defendants argue that any claims against Defendant Bruce must be dismissed because there is no claim for individual liability permitted pursuant to Title VII, the ADEA, the ADA or the New York Labor Law. (*Id.* at 15.)

Fourth, the Sodexo Defendants argue that Plaintiff's claims pursuant to the NYSHRL are both untimely and barred by the election-of-remedies doctrine. (*Id.* at 15-17.) Specifically, the Sodexo Defendants argue that, because Plaintiff elected to file a complaint with the NYSDHR, he is not entitled to file a federal court action for claims arising from the same set of facts as challenged in that complaint. (*Id.*)

Fifth, the Sodexo Defendants argue that Plaintiff's discrimination claims fail as a matter of law because he has not alleged facts plausibly suggesting that (a) he suffered an adverse action, given that warnings and performance evaluations do not qualify as such, or (b) he was subjected to an adverse action based specifically on a protected characteristic. (*Id.* at 18-21.)

Sixth, the Sodexo Defendants argue that Plaintiff has failed to state a claim for hostile work environment because he has not alleged facts plausibly suggesting severe and pervasive conduct that was related to a protected characteristic. (*Id.* at 21-23.)

Seventh, the Sodexo Defendants argue that Plaintiff has failed to state a claim for retaliation (under any relevant statute) because (a) any whistleblower claim pursuant to N.Y.

4

Lab. L. § 740 is either time-barred by the two-year statute of limitations or insufficiently pleaded and conclusory, and (b) he has not alleged facts plausibly suggesting that the Sodexo Defendants were aware of any sort of protected activity or that any alleged retaliatory actions were related to his engaging in protected activity (i.e., reporting conduct that he had a good faith, objectively reasonable belief violated either Title VII or the ADEA).  (*Id.* at 23-26.)

Eighth, the Sodexo Defendants argue that, because there is a basis for dismissing all of Plaintiff's federal law claims, the Court should decline to exercise supplemental jurisdiction over any remaining state law claims.  (*Id.* at 26.)

### 2.     NYSDHR Defendants' Memorandum of Law

Generally, in their opening memorandum of law, the NYSDHR Defendants make two arguments.  (Dkt. No. 35, Attach. 1.)  First, the NYSDHR Defendants argue that Plaintiff's Amended Complaint violates Fed. R. Civ. P. 8 in that it fails to indicate what factual allegations support each asserted claim against each Defendant.  (*Id.* at 7-8.)

Second, the NYSDHR Defendants argue that Plaintiff's Amended Complaint fails to state any claim against them for which relief may be granted because (a) many claims, including those asserted pursuant to the ADEA, the ADA, Title VII, the NYSHRL, and N.Y. Lab. L. § 740 all apply only against employers, employment agencies, labor organizations, and licensing agencies, and the NYSDHR Defendants are none of those, (b) Plaintiff's claims pursuant to the ADEA and ADA are also barred by sovereign immunity as against the NYSDHR Defendants, (c) Plaintiff has not alleged a disability as to a claim pursuant to the ADA, (d) various asserted state law claims are based on procedural rules that do not provide any private right of action, and (e) as to

other asserted claims, Plaintiff has failed to sufficiently plead the relevant elements. (*Id.* at 8-11.)

### 3. Plaintiff's Combined Opposition Memorandum of Law

Plaintiff's response is difficult to parse, but the Court has discerned that he has argued the following points (with the rest of his response consisting of citations to legal standards and AI-generated summaries of procedural standards that do not appear to be tied to any specific argument, if they are relevant at all). (Dkt. No. 43.)  First, he argues that, because Defendants have submitted materials outside of the pleadings, their motions should be converted to motions for summary judgment. (*Id.* at 12-13.)

Second, Plaintiff argues that the NYSDHR Defendants' motion is defective because they have conceded that certain factual allegations in the Amended Complaint must be taken as true and therefore he has "passed the litmus test" to survive that motion to dismiss. (*Id.* at 15-16.)

Third, Plaintiff argues that the NYSDHR Defendants' motion should be denied because they have sought to dismiss a "Second Amended Complaint" that does not exist. (*Id.* at 17-19.)

Fourth, Plaintiff argues that Court should grant him leave to amend to correct any deficiencies in his Amended Complaint rather than dismissing his claims or removing any parties. (*Id.* at 22.)

### 4. Sodexo Defendants' Reply Letter

In a reply letter, the Sodexo Defendants argue that their motion should be granted in its entirety because Plaintiff has failed to oppose or substantively address any of their asserted arguments. (Dkt. No. 44.)

## II.   GOVERNING LEGAL STANDARDS

A.    **Legal Standards Governing a Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1)**

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Generally, "[a] case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12[b][1]). "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." *Makarova*, 201 F.3d at 113 (citing *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 [2d Cir. 1986]).

More specifically, "[w]hen . . . a jurisdictional challenge under Fed. R. Civ. P. 12(b)(1) is addressed to the complaint, a court accepts as true all the factual allegations in the complaint and must draw all reasonable inferences in favor of the plaintiff." *Lunney v. U.S.*, 319 F.3d 550, 554 (2d Cir. 2003) (citing, *inter alia, Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton Coll.*, 128 F.3d 59, 63 [2d Cir. 1997]); *see also Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (stating that a district court may properly dismiss a case for lack of subject matter jurisdiction under Rule 12[b][1] only after "[c]onstruing all ambiguities and drawing all inferences" in a plaintiff's favor) (citing *Makarova*, 201 F.3d at 113).

However, when a defendant challenges the factual basis for the plaintiff's assertion of jurisdiction, "[j]urisdiction must be shown affirmatively, and that showing is not made [merely] by drawing from the pleadings inferences favorable to the party asserting it." *Shipping Fin. Servs. Corp v. Drakos*, 140 F.3d 129, 131 (2d Cir.1998); *accord, APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003); *see also Robinson v. Gov't of Malaysia*, 269 F.3d 133, 140 (2d Cir. 2001)

7

("In a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), the defendant may challenge either the legal or factual sufficiency of the plaintiff's assertion of jurisdiction, or both. . . . If the defendant challenges only the legal sufficiency of the plaintiff's jurisdictional allegations . . . , the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff . . . . But where evidence relevant to the jurisdictional question is before the court, the district court . . . may refer to that evidence.") (internal quotation marks and citations omitted).

In such a case, "[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova*, 201 F.3d at 113 (citing *Malik v. Meissner*, 82 F.3d 560, 562 [2d Cir. 1996]); *see also Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003) ("Plaintiffs bear the burden of showing by a preponderance of the evidence that subject matter jurisdiction exists.") (internal quotation marks omitted).

**B.      Legal Standard Governing a Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)**

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cty.*, 549 F. Supp.2d 204, 211 nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J.) (adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, some elaboration regarding that ground is appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to

8

relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp. 2d at 212 n.20 (citing Supreme Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp. 2d at 212 n.17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F. Supp. 2d at 212 n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp. 2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F. Supp. 2d at 213 n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 560-61, 577. Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id.* at 555-70. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id.* at 555. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id.*

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (internal quotation marks and citations omitted). However, while the plausibility standard "asks for more than a sheer

10

possibility that a defendant has acted unlawfully," *id*., it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.  Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice.  *Iqbal*, 129 S. Ct. at 1949 (internal citations and alterations omitted).  Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

Finally, a few words are appropriate regarding what documents are considered when a dismissal for failure to state a claim is contemplated.  Generally, when contemplating a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c), the following matters outside the four corners of the complaint may be considered without triggering the standard governing a motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case.[1]

---

[1]    *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *L-7 Designs, Inc. v. Old Navy, LLC*, No. 10-573, 2011 WL 2135734, at *1 (2d Cir. June 1, 2011) (explaining that conversion from a motion to dismiss for failure to state a claim to a motion for summary judgment is not necessary under Fed. R. Civ. P. 12[d] if the "matters outside the pleadings" in consist of [1] documents attached to the complaint or answer, [2] documents incorporated by reference in the complaint (and provided by the parties), [3] documents that, although not incorporated by reference, are "integral" to the complaint, or [4] any matter of which the court can take judicial notice for the factual

III.   ANALYSIS

    A.   **Whether Plaintiff Has Asserted any Federal Claim Upon Which Relief Can Be Granted**

After careful consideration, the Court answers the above question in the negative for the reasons stated in Defendants' memoranda of law.  *See, supra,* Parts I.B.1 and 2 of this Decision and Order.  To those reasons, the Court adds the following analysis.

Because, as was discussed above in Part I.A. of this Decision and Order, the sole basis for jurisdiction in this matter appears to be federal-question jurisdiction, the Court will first discuss Plaintiff's federal-law claims.  Also as was discussed above, Plaintiff's federal-law claims appear to consist of the following: (1) a claim of age discrimination pursuant to the ADEA; (2) a claim of age discrimination pursuant to the Age Discrimination Act of 1975; (3) a claim of disability

---

background of the case); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (explaining that a district court considering a dismissal pursuant to Fed. R. Civ. 12(b)(6) "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. . . .  Where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document 'integral' to the complaint. . . . However, even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document.  It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.") [internal quotation marks and citations omitted]; *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2009) ("The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.") (internal quotation marks and citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint," the court may nevertheless take the document into consideration in deciding [a] defendant's motion to dismiss, without converting the proceeding to one for summary judgment.") (internal quotation marks and citation omitted).

discrimination pursuant to the ADA; (4) a claim for violation of his civil rights pursuant to 42

U.S.C. § 1983; (5) a claim for discrimination and/or retaliation pursuant to Title VI of the Civil

Rights Act of 1964; and (6) a claim for discrimination and/or retaliation pursuant to Title VII of

the Civil Rights Act of 1964.

### 1.    Federal Claims Against the NYSDHR Defendants

In the Amended Complaint, Plaintiff has generally alleged that the NYSDHR Defendants

took the following actions against him: (1) they conspired with the Sodexo Defendants to remove

Sodexo from the caption of his NYSDHR complaint and replace it with "SDH Education West

LLC," and they in fact did make such change; (2) they refused to put Defendant Bruce and

Walter Gallo in the caption for that complaint; (3) they refused to acknowledge that he had first

filed his complaint in August 2022 and "misplaced" documents in his case, including his

response to the Sodexo Defendants' answer to his complaint; (4) Defendant DeAmelia failed to

dual-file Plaintiff's complaint with the Equal Employment Opportunity Commission ("EEOC")

as he was required to pursuant to state agreements; and (5) Defendant DeAmelia misrepresented

his title on documents sent to Plaintiff, identifying himself as "Regional Director" even after he

became Assistant Deputy Commissioner of Intake  (Dkt. No. 33, at 15-25, 49-60.)

As an initial matter, although Plaintiff appears to assert that Defendant NYSDHR is liable

as an employer, there are no factual allegations in the Amended Complaint that would plausibly

suggest that Plaintiff was an employee of Defendant NYSDHR.  (*See* Dkt. No. 33, at 2 [listing

that he is suing Defendant NYSDHR in an "employer" capacity, among others].)  In fact, his

allegations make clear that his employer related to the underlying circumstances of his claims

was Defendant Sodexo; the NYSDHR Defendants are alleged only to have processed the

13

complaint he filed with Defendant NYSDHR related to actions taken against him in the workplace by the Sodexo Defendants.  Because the assertion that a party is a plaintiff's "employer" is a legal conclusion, the Court is not required to accept his bare assertion as true even on a motion to dismiss, but rather properly relies upon his factual allegations to find that there is no basis provided by those allegations to deem the NYSDHR Defendants to be Plaintiff's employer.

This finding matters because some of the statutes by which Plaintiff brings his federal claims apply only to actions taken by an *employer*: specifically, the claims asserted pursuant to the ADEA, Title VII, and the ADA (to the extent Plaintiff's claims arise under the employment section of that statute).  *See* 29 U.S.C. § 623(a)-(c) (indicating that the ADEA's prohibitions on age discrimination apply to employers, employment agencies, and labor organizations); 42 U.S.C. § 2000e-2 (indicating that Title VII's prohibitions on discrimination apply to employers, employment agencies, and labor organizations); 42 U.S.C. § 12111(2) (defining a "covered entity" for the purpose of certain relevant sections of the ADA as "an employer, employment agency, labor organization, or joint labor-management committee").  To the extent that Plaintiff has attempted to assert any of these claims against the NYSDHR Defendants, those claims must be dismissed as a matter of law because, as was already discussed, there are no factual allegations (nor seemingly could there be) plausibly suggesting that the NYSDHR Defendants were Plaintiff's employer.

The Court notes that the ADA, apart from the discrimination in employment sections, also prohibits a public entity (which includes "any department, agency, special purpose district, or other instrumentality of a State or States or local government") from either excluding an

14

individual with a disability from participation in the benefits of the services, programs, or activities of that entity or engaging in discrimination.  42 U.S.C. §§ 12131(1), 12132.  Defendant NYSDHR would be considered a department or agency of the State of New York, and therefore this provision would apply to Plaintiff's disability discrimination claim.  However, this claim must be dismissed because Plaintiff has not plausibly alleged that any alleged discrimination engaged in by the NYSDHR Defendants in handling his complaint was in any way based on or motivated by any disability.  Indeed, the only apparent disability alleged in Plaintiff's Amended Complaint is related to a COVID-19 infection that he seemingly suffered in August 2021.  (Dkt. No. 33, at 3, 7.)  Plaintiff notably does not allege any ongoing disability related to that temporary infection, which is notable because he alleges that he did not file his complaint with Defendant NYSDHR until August 22, 2022, a year after that infection.  (*Id.* at 9.)  Thus, Plaintiff has not even plausibly alleged that he had any relevant disability at the time of the alleged discrimination by the NYSDHR Defendants.  Plaintiff's ADA claim must therefore also be dismissed for failure to state a claim upon which relief can be granted.

Similarly, Plaintiff's claims pursuant to Title VI and the Age Discrimination Act of 1975 must also be dismissed because Plaintiff has failed to allege facts to plausibly suggest that any of the actions taken against him by the NYSDHR Defendants were on the basis of (or even motivated by) either his race or age, respectively.  *See* 42 U.S.C. § 2000d (stating that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance"); 42 U.S.C. § 6102 (stating that "no person in the United States shall, on the basis of age, be excluded from participation in, be

15

denied the benefits of, or be subjected to discrimination under, any program or activity receiving

Federal financial assistance"). Even assuming for the purposes of both of these sections that

Defendant NYSDHR is a recipient of federal funds (as would be required for both statutes),

Plaintiff has done little more in the Amended Complaint than allege that he is African-American,

Black, and "over age 40, over age 50, over age 60" without alleging any facts to plausibly

suggest that the actions the NYSDHR Defendants allegedly took against him were in any based

on or motivated by those protected characteristics. His claims pursuant to Title VI and the Age

Discrimination Act of 1975 must therefore also be dismissed for failure to state a claim upon

which relief can be granted.[2]

Plaintiff has lastly asserted a claim for a violation of his civil rights pursuant to Section

1983. However, it is not entirely clear what underlying federal violation of his civil rights he is

attempting to assert beyond the statutory causes of action already addressed. Plaintiff notably

alleges that "[t]his is a civil action seeking relief and/or damages to defend and protect the ***rights***

***guaranteed by the Constitution of the United States*** – brought pursuant to 42 U.S.C. § 1983,"

but he has not seemingly alleged any violations of his constitutional rights. (Dkt. No. 33, at 4

[emphasis in original].) Construing his allegations as raising the strongest claims they suggest,

the Court will assume that a claim for violation of Plaintiff's right to equal protection under the

Fourteenth Amendment can be extrapolated from his allegations given that he has alleged

discrimination based on at least one protected class covered by that amendment.

---

[2] To the extent that Plaintiff has attempted to assert retaliation claims against the NYSDHR Defendants pursuant to any of the relevant federal statutes, such claims must be dismissed because Plaintiff has not alleged any protected activity that he engaged in reporting any conduct by the NYSDHR Defendants that could be reasonably said to violate any of the relevant statutes.

"To state a claim for a violation of his right to equal protection, Plaintiff must allege that, (1) compared with others similarly situated, plaintiff was selectively treated; and (2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious and bad faith intent to injure a person." *Watkins v. Town of Webster*, 592 F. Supp. 3d 96, 124 (W.D.N.Y. 2022) (quoting *Milfort v. Prevete*, 922 F. Supp. 2d 398, 410 [E.D.N.Y. 2013]; citing *Freedom Holdings, Inc. v. Spitzer*, 357 F.3d 205, 234 [2d Cir. 2004]).

The only persons who Plaintiff alleges were similarly situated to him but treated differently by the NYSDHR Defendants were two women who filed employment complaints with Defendant NYSDHR but did not have Sodexo (who was also their employer) removed from the caption of their actions as Plaintiff alleges occurred to him here.  (Dkt. No. 33, at 11-12, 15.) However, he alleges only that these women did not appear to be over the age of 40, and does not provide any allegations to plausibly suggest that these women were similarly situated to him beyond the fact that they also worked for Sodexo and also filed NYSDHR complaints.  (*Id.*) Moreover, as was discussed above related to the ADEA and Age Discrimination Act of 1975 claims, Plaintiff has not generally alleged that any selective treatment he may have received was based on his age (or any other relevant characteristic).  As a result, Plaintiff has failed to state a claim for a violation of his equal protection rights, and his Section 1983 claim must therefore be dismissed.

For all of these reasons, all of the federal law claims that have been asserted against the NYSDHR Defendants are dismissed for failure to state a claim upon which relief can be granted.

      **2.**      **Federal Claims Against the Sodexo Defendants**

17

In his Amended Complaint, Plaintiff has generally alleged that the Sodexo Defendants took the following actions against him: (1) Defendant Bruce (as Director of Retail Dining/Food Service for Defendant Sodexo) began "targeting" him after he contracted COVID-19 in August 2021 and followed quarantine protocols, which included "harassing" him in phone calls during his quarantine period; (2) even before his COVID-19 infection, Defendant Bruce forced Plaintiff to work during the summer season break at a different location while other "less-senior" employees were allowed to be off work for the summer; (3) starting in September 2021, Defendant Bruce began "soliciting" Plaintiff "toward working part-time," and in October and November 2021, Plaintiff received notices about being placed into part-time status as well as a notice regarding Leave of Absence; (4) the Sodexo Defendants failed to issue him full checks related to his use of vacation accruals around the Christmas and New Year holidays at the end of 2021; (5) the Sodexo Defendants gave him a defective performance evaluation in March 2022; (6) Defendant Bruce lied to Plaintiff about Defendant Sodexo's financial position in April 2022, telling him that they no longer needed a dishwasher as a pretext for demoting Plaintiff to part-time work; (7) Defendant Bruce forged a request-for-time-off form in Plaintiff's name in July 2022; (8) Defendant Bruce falsified a disciplinary notice regarding insubordination against Plaintiff in September 2022; (9) Plaintiff was sent to a different, less desirable location in September 2022 after reporting the existence of hazardous conditions (i.e., flooding) in the location where he normally performed his work and he was kept in that other location even after the problem was remedied; (10) at that less desirable location, Plaintiff was required to do both the dishes for that location as well as the dishes that were sent over from his old workplace location; (11) Plaintiff was threatened with termination for reporting unsafe electrical wiring

18

conditions in 2024; (12) Defendant Sodexo's Human Resources Manager Walter Gallo did nothing in response to his reports of discrimination, hostile treatment, and OSHA violations and also failed to respond to his questions about a Leave of Absence notice Plaintiff received; (13) in 2024 and 2025, Defendant Sodexo required Plaintiff to sign off on fraudulent performance reviews made by a manager he had not worked with; and (14) Defendant Sodexo conspired with the NYSDHR Defendants to remove Sodexo's name from the caption of his NYSDHR complaint.  (Dkt. No. 33, at 10-14, 25-49.)

As an initial matter, the Court agrees with the Sodexo Defendants that any claims against Defendant Bruce pursuant to Title VII, the ADEA, and the ADA must be dismissed because those statutes do not provide for liability against individuals.  *See Yerdon v. Poitras*, 120 F.4th 1150, 1155-56 (2d Cir. 2024) (affirming that neither Title I nor Title V of the ADA permits a plaintiff to bring a claim for damages against individual employees); *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 221 (2d Cir. 2004) (noting that "individuals are not subject to liability under Title VII"); *Thorpe v. Piedmont Airlines, Inc.*, 926 F. Supp. 2d 453, 461-62 (N.D.N.Y. 2013) (Kahn, J.) (noting that the statutory language of the ADEA precludes individual liability).  Further, at least one court in this district has recognized that the Age Discrimination Act of 1975 also does not permit individual liability.  *Rule v. Braiman*, 23-CV-1218, 2024 WL 4042135, at *6 (N.D.N.Y. Sept. 4, 2024) (Sannes, C.J.); *accord Chandrapaul v. City Univ. of New York*, 14-CV-0790, 2016 WL 1611468, at *15 (E.D.N.Y. Apr. 20, 2016).  This is likewise true for claims brought pursuant to Title VI.  *See Bayon v. State Univ. of New York at Buffalo*, 98-CV-0578, 2001 WL 135817, at *2 (W.D.N.Y. Feb. 15, 2001) (dismissing Title VI claims against individual defendants because "this act does not provide for individual liability"); *accord Wright v. Ethical*

19

*Culture Fieldston Sch.*, 23-CV-1874, 2026 WL 962271, at *2 (S.D.N.Y. Apr. 9, 2026).  As a result, Plaintiff's federal claims pursuant to the ADEA, the Age Discrimination Act of 1975, the ADA, Title VI, and Title VII against Defendant Bruce as an individual are dismissed as a matter of law.

###### a.    Federal Discrimination Claims

Under all the relevant federal statutes, a plaintiff is required to prove a prima facie case of discrimination, specifically that "'(1) [he] was within the protected class; (2) [he] was qualified for the position; (3) [he] was subject to an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination.'" *Nambiar v. Cent. Orthopedic Grp. LLP*, 158 F.4th 349, 363 (2d Cir. 2025) (quoting *Walsh v. N.Y.C. Hous. Auth.*, 828 F.3d 70, 75 [2d Cir. 2016]).  However, on a motion to dismiss, a plaintiff need only plead that "(1) the employer discriminated against him (2) because of his [protected characteristic]." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 85 (2d Cir. 2015).

Here, as with the claims against the NYSDHR Defendants, Plaintiff has failed to plausibly allege that any of the conduct taken against him by the Sodexo Defendants was causally related to any relevant protected characteristic.  Specifically, although Plaintiff alleges he possesses a number of protected characteristics and that Defendant Bruce and Defendant Sodexo took various actions against him, he never alleges any facts which would plausibly suggest that his race, gender, age, or disability status was a reason for any of those actions.

The closest case for finding causation between an action and a protected characteristic is his allegation that Defendant Bruce "harassed" him about returning to work when he was absent in accordance with quarantine protocol related to his COVID-19 infection in August 2021, but

20

mere harassment or pressuring Plaintiff to return to work with references to "job-abandonment" would not in any event constitute an adverse employment action.  *See Bury v. Consumer Reports, Inc.*, 819 F. Supp. 3d 272, 284 (S.D.N.Y. 2026) ("Threats of termination likewise do not constitute an adverse employment action for the purposes of [a] disability discrimination claim."); *Moran v. Wegmans Food Markets, Inc.*, 65 F. Supp. 3d 327, 331 (W.D.N.Y. 2014) (noting that "mere threats to terminate one's employment do not, by themselves, constitute adverse employment actions"); *see also Vega*, 801 F.3d at 85 (noting that "[a] plaintiff sustains an adverse employment action if he or she endures a materially adverse change in the terms and conditions of employment") (quoting *Galabya v. N.Y.C. Bd. of Educ.*, 202 F.3d 636, 640 [2d Cir. 2000]).  As a result, this incident cannot form the basis of a discrimination claim, even if the Court were to conclude that he has plausibly alleged that the limited harassment or threats were related to any temporary disability caused by his COVID-19 infection.

Plaintiff does notably attempt to allege that he was treated differently than other Sodexo employees, but these fail to rise to the level of plausibly suggesting discrimination based on a protected characteristic.  For instance, Plaintiff alleges the following relevant facts: (1) he was forced to work during summer breaks when "other employees of less seniority" were not required to work at that time, alleging also that he "was older in age . . . in comparison to the other Sodexo employees in his unit"; (2) Plaintiff was demoted to half-time status while Defendant Bruce (who is a "Caucasian-American, White, Male, over age 40, over age 50") was not; (3) Mr. Gallo responded to a Leave of Absence notice given to a female supervisor but not to one given to Plaintiff; (4) after he reported flooding at his workstation, he was relocated to a less desirable location while other Sodexo employees were permitted to remain at the old

21

location; (5) at that new location, he was required to wash dishes for two different locations while other Sodexo employees "had to only do 1 job for 1 location"; and (6) other Sodexo employees, "many" of whom were "younger" than Plaintiff were "hired/re-hired/promoted for full time hours" or were not demoted to part-time hours like Plaintiff was, "including specific supervisors, Defendant Sodexo(s) [sic] Walter Gallo and Defendant Robert Bruce."  (Dkt. No. 33, at 26-27, 29, 30-31, 43-44, 47.)

None of these factual allegations plausibly suggest any connection between the actions taken and a protected characteristic.  A plaintiff can raise an inference of discrimination by alleging facts to plausibly suggest that "the employer subjected him to disparate treatment, that is, treated him less favorably than a similarly situated employee outside his protected group." *Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000).  This requires that the relevant comparator individuals be "similarly situated in all material respects" to the plaintiff, which means that there must be "a reasonably close resemblance of the facts and circumstances of plaintiff's and comparator's cases, rather than a showing that both cases are identical." *Graham*, 230 F.3d at 39-40.  Here, although Plaintiff generally alleges that various comparators were younger than him or female or white, he does not provide adequate factual allegations regarding those comparators to plausibly allege that they are similarly situated to him in all material respects.  Notably, the named comparators he mentions, Defendant Bruce (who is a supervisor and manager) and Mr. Gallo (who is Defendant Sodexo's HR manager), are certainly not similarly situated.  He does not allege that any of the individuals to whom he compares himself were also working for Defendant Sodexo in the capacity of a dishwasher, much less that they were similar in other respects.  As a result, the allegations of disparate treatment do not raise a

22

plausible inference of discrimination. Moreover, his repeated assertions that "[o]ther employees of Defendant Sodexo, different in single and combined protected characteristics, including those in the same work location, did not receive disparate treatment as Plaintiff" are simply too vague and conclusory to plausibly suggest a connection between his protected characteristics and the conduct to which he was allegedly subjected.

For all of the above reasons, Plaintiff's federal discrimination claims are dismissed for failure to state a claim upon which relief can be granted.

### b.    Federal Retaliation Claims

As was the case with Plaintiff's federal discrimination claims, all of Plaintiff's federal retaliation claims apply the same basic elements for stating a prima facie claim: (1) the plaintiff engaged in a protected activity; (2) the plaintiff's employer knew about that protected activity; (3) the plaintiff suffered an adverse action; and (4) there is a causal connection between the protected activity and the adverse action. *Bloomberg v. New York City Dept. of Educ.*, 119 F.4th 209, 214-15 (2d Cir. 2024) (Title VI); *Kessler v. Westchester Cnty. Dept. of Soc. Servs.*, 461 F.3d 199, 205-06 (2d Cir. 2006) (Title VII and ADEA); *Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002) (ADA).

The first issue that the Court must address is therefore whether Plaintiff engaged in any conduct that can be considered to be a protected activity. "'[A] plaintiff engages in protected activity when [he] (1) opposes employment practices prohibited under [the relevant statute]; (2) makes a charge of discrimination; or (3) participates in an investigation, proceeding or hearing arising under [the relevant statute].'" *Jacobs v. Hudson Valley Family Physicians, PLLC*, 725 F. Supp. 3d 235, 247 (N.D.N.Y. 2024) (Hurd, J.) (quoting *Davis v. NYS Dept. of Corr. Attica Corr.*

23

*Facility*, 110 F. Supp. 3d 458, 462 [W.D.N.Y. 2015]).  This can include "informal protests of discriminatory employment practices, including making complaints to management provided that they are sufficiently specific to make it clear that the employee is complaining about conduct prohibited by [the relevant statute]." *Jacobs*, 725 F. Supp. 3d at 247 (quoting *Arkorful v. N.Y.C. Dept. of Educ.*, 712 F. Supp. 3d 336, 356 [E.D.N.Y. 2024]).

In his Amended Complaint, Plaintiff asserts the following seven allegations: (1) he "brought his opposing view" about being made to work during the summer while other employees were permitted a summer break to Mr. Gallo's attention sometime between June and August of 2021; (2) he reported to Mr. Gallo in August 2021 that Defendant Bruce was "making harassing phone calls" pressuring Plaintiff to return to work despite the fact Plaintiff was following quarantine protocols related to a COVID-19 infection; (3) Mr. Gallo "would not assist him" when he received notice about a Leave of Absence and being reduced to part-time status in November 2021; (4) he contacted Mr. Gallo in April 7, 2022, in which conversation he "explained and expressed opposition to" Defendant Bruce's telling him that the location where Plaintiff worked did not require a full-time dishwasher despite cleaning standard requirements; (5) in September 2022, Plaintiff spoke with Mr. Gallo about a disciplinary notice for insubordination charged against Plaintiff by Defendant Bruce; (6) he reported unsafe working conditions (i.e., flooding in his workspace) to Defendant Sodexo, Mr. Gallo, and OSHA; and (7) in 2024, he "raised the issue of unsafe conditions about electric wiring"  (Dkt. No. 33, at 13, 26, 28, 29-31, 35-36, 41-44.)

Although the above allegations indicate that Plaintiff reported certain conduct or conditions to Defendant Sodexo (through HR manager Mr. Gallo) none of these allegations

24

plausibly suggest that Plaintiff's reports specifically would have led the Sodexo Defendants to infer that he was reporting conduct that he reasonably believed violated one of the relevant statutes. Although Plaintiff may have expressed his opposition to Defendant Bruce engaging in conduct such as assigning him to work during the summer, demoting him to part-time work, and charging him with insubordination, there is nothing in the allegations that would plausibly suggest that he ever reported to Mr. Gallo or anyone else that he believed that such conduct was based on his age, race, or gender or that it violated the relevant federal statutes. As discussed above, complaints "cannot be so vague or 'generalized' that the employer could not 'reasonably have understood that the plaintiff's complaint was directed at conduct prohibited by" a relevant statute. *Bowen-Hooks v. City of New York*, 13 F. Supp. 3d 179, 222 (E.D.N.Y. 2014) (quoting *Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98, 108 [2d Cir. 2011]); *see also Maxius v. Mount Sinai Health Sys. Inc.*, 21-CV-10422, 2024 WL 4166157, at *8 (S.D.N.Y. Sept. 12, 2024) ("While there are no 'magic words' a complainant must necessarily recite, the 'onus is on the speaker to clarify to the employer that she is complaining of unfair treatment due to her membership in a protected class.'"). Simply stated, Plaintiff has not plausibly alleged that the Sodexo Defendants could have understood that, in making these complaints, Plaintiff was reporting conduct prohibited by the ADA, ADEA, Title VI, Title VII, or the Age Discrimination Act. Moreover, Plaintiff's complaints regarding unsafe work conditions are clearly reporting violations of statutes or laws other than the ones relevant to this analysis.

Plaintiff also alleges that he filed a complaint with Defendant NYSDHR on or about August 22, 2022. (Dkt. No. 33, at 9.) This is clearly a protected activity under the prevailing legal standards. *See Brown v. UPS United Parcel Serv. Inc.*, 22-CV-0762, 2022 WL 16734876,

at *2 (N.D.N.Y. Nov. 7, 2022) (Sannes, C.J.) (acknowledging that the filing of a NYSDHR complaint was a protected activity); *accord Maxius*, 2024 WL 4166157, at *8.  However, there is some question about when or if the Sodexo Defendants received knowledge of this filing. Plaintiff indicates in the Amended Complaint that Defendant NYSDHR emailed him on November 9, 2022, indicating that his complaint form "has been returned to you," explaining that "your narrative of events does not tie back to any of the bases you checked off in your complaint" and requesting that he explain further what adverse actions occurred.  (Dkt. No. 33, at 49.)  It further alleges that a notice sent to Plaintiff by Defendant DeAmelia in August 2024 stated that Plaintiff's complaint "was now considered filed on or about April 23rd 2023" and had been dual-filed with the EEOC.  (*Id.* at 52.)  Plaintiff additionally alleges that Defendant Sodexo's response to his complaint was dated October 17, 2024.  (*Id.* at 53.)  Based on these allegations, regardless of whether Plaintiff filed his initial complaint form in August 2022, it appears that the NYSDHR did not notify the Sodexo Defendants of that complaint until August 2024 at the earliest, given that that is when they notified Plaintiff that his complaint was considered filed.  There have been no facts alleged to plausibly suggest that the Sodexo Defendants were notified of Plaintiff's filing (either by Defendant NYSDHR or Plaintiff himself) before that time.

The next consideration is whether Plaintiff has alleged any adverse action, which, for a retaliation claim, is "any action that 'could well dissuade a reasonable worker from making or supporting a charge of discrimination.'"  *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 90 (2d Cir. 2015) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 [2006]). There must also be a plausible connection between the adverse action and an instance of

protected activity, which is most typically shown where there is a "protected activity followed closely in time by an adverse employment action." *Vega*, 801 F.3d at 90 (citing 42 U.S.C. § 2000e-3(a); *Cifra v. Gen. Elec. Co.*, 252 F.3d 205, 217 [2d Cir. 2001]).

As to the filing of the NYSDHR complaint, the Sodexo Defendants cannot be said to have possessed the required intent to retaliate until after they obtained knowledge of the protected activity, and so the only alleged adverse actions that can be considered to be relevant for these retaliation claims are those occurring in or after August 2024, when the Amended Complaint appears to suggest the Sodexo Defendants received notice of that complaint.[3] The only alleged adverse actions in 2024 are that (1) Plaintiff was threatened with termination for reporting unsafe electrical wiring conditions at an unspecified time in 2024, and (2) at unspecified times in 2024 and 2025, Defendant Sodexo required Plaintiff to sign off on fraudulent performance reviews made by a manager he had not worked with.

The first of these actions is obviously not causally connected to the filing of his NYSDHR complaint given that Plaintiff himself alleges that it was related to his subsequent report of unsafe conditions (which, again, is not a circumstance covered by any of the relevant federal statutes). As to the performance reviews, even setting aside that Plaintiff has not pleaded when in 2024 and 2025 those actions occurred, he has also not specified whether those performance reviews were negative or impacted him in any way, merely that they were

---

[3]     The Court notes that even if it were to assume that the Sodexo Defendants were notified as of the date that the NYSDHR Defendants indicated the complaint was considered to be filed (April 23, 2023), there are no allegations of any additional actions taken against Plaintiff between October 2022 and 2024, only that Plaintiff continued to be stationed at a less desirable location and doing dishes for both his old location and the new location and continued to be part-time, all of which were imposed on him at an earlier time. (Dkt. No. 33, at 43-44.)

fraudulent because they were prepared by a manager Plaintiff did not actually work with. *See Hui-Wen Chang v. New York City Dept. of Educ.*, 412 F. Supp. 3d 229, 250 (E.D.N.Y. 2019) ("For the purposes of a retaliation claim, *bad* performance reviews are an adverse employment action.") (emphasis added); *Wheeler v. Bank of New York Mellon*, 16-CV-1176, 2018 WL 3730862, at \*10 (N.D.N.Y. Aug. 6, 2018) (Kahn, J.) (noting that "'a *poor* performance evaluation could very well deter a reasonable worker from complaining'") (quoting *Vega*, 801 F.3d at 92) (emphasis added).  Further undermining any claim premised on retaliation for the filing of his NYSDHR complaint is Plaintiff's allegation that Defendant Bruce (the perpetrator of most of the alleged actions against him) treated him "different than others" both "prior to and after" he filed his NYSDHR complaint.  (Dkt. No. 33, at 14.)  This suggests that, to the extent his claim is premised on Defendant Bruce's conduct, that conduct appears motivated by something other than retaliation for engagement in protected activity.[4]  As a result, Plaintiff has not plausibly alleged that he suffered any adverse action as a result of filing his NYSDHR complaint.

For all the above reasons, Plaintiff's retaliation claims against the Sodexo Defendants must be dismissed.

### c.  Federal Hostile Work Environment Claims

Although not explicitly pleaded, the Court interprets the Amended Complaint as asserting a claim for hostile work environment against the Sodexo Defendants pursuant to the applicable enumerated statutes.  To state a claim for a hostile work environment, a plaintiff must allege

---

[4]     Plaintiff notably alleges that Defendant Bruce's negative conduct toward him occurred within two months of him becoming Plaintiff's manager, when in June 2021, he sent Plaintiff to work in another location rather than allowing Plaintiff to have a summer break like other employees at his regular location.  (Dkt. No. 33, at 25-26.)

facts plausibly suggesting that his or her workplace "'is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment.'" *Banks v. Gen. Motors, LLC*, 81 F. 4th 242, 261 (2d Cir. 2023) (quoting *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 570 [2d Cir. 2000]). "This assessment has both an objective and subjective component: 'the misconduct must be severe or pervasive enough to create an objectively hostile or abusive work environment, and the victim must also subjectively perceive that environment to be abusive.'" *Banks*, 81 F.4th at 262 (quoting *Rasmy v. Marriott Int'l, Inc.*, 952 F.3d 379, 387 [2d Cir. 2020]). Further, fundamental to the determination of the existence of a hostile work environment under any of the relevant statutes is that the alleged hostile conduct must have occurred because of a protected characteristic. *See Russo v. New York Presbyterian Hosp.*, 972 F. Supp. 2d 429, 447-48 (E.D.N.Y. 2013) ("A plaintiff may only recover on a hostile work environment claim if the hostile work environment occurs because of an employee's protected characteristic.") (citing *Rivera v. Rochester Genesee Regional Transp. Auth.*, 702 F.3d 685, 693 [2d Cir. 2012]).

Plaintiff's hostile work environment claim fails because, as has already been discussed, the Amended Complaint does not include factual allegations plausibly suggesting that the various conduct he alleges he was subjected to was in any way related to any of his protected characteristics. As a result of this deficiency, Plaintiff's hostile work environment claims must be dismissed.

### d.    Section 1983 Claims

Lastly, as to the Section 1983 claim against the Sodexo Defendants, Plaintiff has not met one of the fundamental conditions related to asserting a valid claim pursuant to Section 1983:

29

that is, that the relevant actions were taken under the color of state law. There are no allegations to plausibly suggest that Defendant Sodexo/SDH Services West or Defendant Bruce are anything other than private actors. "As a general rule private parties are not state actors subject to § 1983 liability." *Hamza v. Kotsidis*, 25-cv-968, 2026 WL 1296172, at *3 (N.D.N.Y. May 12, 2026) (Coombe, J.) (citing *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 [2d Cir. 2002]). There are, however, limited exceptions through which private actors can be considered to be acting under the color of state law. *See Hamza*, 2026 WL 1296172, at *3 (noting that exceptions exist where (1) the private actor is controlled or subject to the coercive power of the state, (2) the state provides the private actor with significant encouragement, the private actor is a willful participant in joint activity with the state or the private actor's functions are entwined with state policies, or (3) the private actor has been delegated a public function by the state). Additionally, a plaintiff can assert a conspiracy claim related to a private actor pursuant to Section 1983 where they allege "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Davis v. Maffei*, 25-cv-4567, 2026 WL 1215605, at *6 (E.D.N.Y. May 3, 2026) (quoting *Ciambriello*, 292 F.3d at 324-25). However, "[a] merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity." *Ciambriello*, 292 F.3d at 324 (citing *Spear v. Town of West Hartford*, 954 F.2d 63, 68 [2d Cir. 1992]).

Here, Plaintiff alleges that the Sodexo Defendants "conspired" with the NYSDHR Defendants to remove Defendant Sodexo, Defendant Bruce, and Mr. Gallo from the caption of his NYSDHR complaint. (Dkt. No. 33, at 46.) This allegation, however, is entirely conclusory

30

and devoid of any supporting facts.  Additionally, to the extent Plaintiff has sought to assert a Section 1983 conspiracy claim, Plaintiff has not alleged facts plausibly suggesting that the changing of the name of the defendant in that complaint from Defendant Sodexo to that of an affiliated entity would constitute the infliction of a constitutional injury, much less that such alteration caused Plaintiff any damages.

Even if it could be said that Plaintiff's allegations of a conspiracy are sufficient to impute Section 1983 liability on the Sodexo Defendants, Plaintiff's claim would still fail for the reasons already discussed.  Of note, the only apparent action wherein Defendants are alleged to have acted in concert with one another was the removal of Defendant Sodexo (and perhaps Defendant Bruce) from the caption of his NYSDHR complaint.  But, again, there have been no factual allegations to plausibly suggest that such action was motivated by or taken because of any of Plaintiff's protected characteristics and the only allegedly unconstitutional action that can be gleaned from Plaintiff's Amended Complaint is a violation of the Equal Protection Clause.  *See Vega*, 801 F.3d at 87-88 (noting that "[o]nce the color of law requirement is met, a plaintiff's 'equal protection claim parallels his Title VII claim,'" and "[t]hus, for a §1983 discrimination claim to survive a motion for judgment on the pleadings or a motion to dismiss, a plaintiff must plausibly allege a claim under the same standards applicable to a Title VII claim").  As a result, Plaintiff's Section 1983 claim also fails.

For all of the above reasons, all of the federal law claims that have been asserted against the Sodexo Defendants are dismissed for failure to state a claim on which relief can be granted.

    **C.**       **Whether Plaintiff Should Be Permitted to Amend His Amended Complaint**

31

After careful consideration, the Court answers the above question in the affirmative for the following reasons.

"'Generally leave to amend should be freely given, and a *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim.'" *Samodovitz v. Troutman*, 797 F. Supp. 3d 1, 8-9 (N.D.N.Y. 2025) (Hurd, J.) (quoting *Matima v. Celli*, 228 F.3d 68, 81 [2d Cir. 2000]).  A court should afford a plaintiff, especially a *pro se* plaintiff, an opportunity to amend the complaint at least once if it finds that complaint to be deficient.  *Edward v. Penix*, 388 F. Supp. 3d 135, 144 (N.D.N.Y. 2019) (Hurd, J.).  A court may deny leave to amend, however, "'where it appears that granting leave to amend is unlikely to be productive,'" including where the errors identified are substantive and unable to be cured with better pleading.  *Sawabini v. Kennedy*, 24-CV-0391, 2025 WL 904594, at *6 (N.D.N.Y. Mar. 25, 2025) (Suddaby, J.).

Here, Plaintiff has requested that he be granted leave to file an amended pleading in the event the Court finds his Amended Complaint to be deficient.  In this instance, many of the deficiencies identified by the Court above relate to a failure to adequately allege facts that would plausibly suggest that Plaintiff can state a claim.  Because these deficiencies are therefore factual rather than substantive, there is the potential that more fulsome factual allegations could correct at least some of those deficiencies.  Although it is true that Plaintiff has already had the opportunity to amend his complaint once (following briefing on the Sodexo Defendants' prior motion to dismiss that was later withdrawn as a result of the filing of the Amended Complaint), the Court finds that, affording deference to Plaintiff's *pro se* status, it should permit Plaintiff the opportunity to file a *motion to amend* the Amended Complaint, which shall comply with the

32

requirements outlined in this Court's Local Rule 15.1(a), including submitting with that motion "an unsigned copy of the proposed amended pleading" that sets forth "the proposed insertions and deletions of language and identify the amendments in the proposed pleading, either through the submission of a redline/strikeout version of the pleading sought to be amended or through other equivalent means." L.R. 15.1(a). These amendments should focus on the specific issues raised by the Court related to the federal claims asserted in the Amended Complaint.

**D.      Whether the Court Should Exercise Supplemental Jurisdiction Over Plaintiff's State Law Claims**

After careful consideration, the Court answers the above question in the negative for the reasons stated in the Sodexo Defendants' memorandum of law. *See, supra,* Part I.B.1 of this Decision and Order. To those reasons, the Court adds the following analysis.

Under the circumstances, unless Plaintiff is able to amend the Amended Complaint to include factual allegations that would remedy the identified deficiencies related to any of his federal claims, the Court is inclined to dismiss Plaintiff's remaining state law claims without prejudice to refiling in the appropriate state court within the applicable limitations period. *See Traylor v. Town of Waterford*, 24-691, 2024 WL 4615599, at *2 (2d Cir. Oct. 30, 2024) (finding that district court's dismissing state claims due to declining to exercise supplemental jurisdiction could not be construed as dismissing those claims with prejudice because a dismissal for lack of jurisdiction must be without prejudice) (citing Fed. R. Civ. P. 41[b] and *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 126 [2d Cir. 2022]).

Section 1367 of Title 28 of the United States Code permits a district court to decline to exercise supplemental jurisdiction for state law claims where, in relevant part, the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The

33

Supreme Court has recently stated that, in such a context "although supplemental jurisdiction persists, the district court need not exercise it: Instead, the court may (and indeed, ordinarily should) kick the case to state court." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 32 (2025) (citing *Mine Workers v. Gibbs*, 383 U.S. 715, 726-27 [1966]). "Once a district court's discretion is triggered under § 1367(c)(3), it balances the traditional 'values of judicial economy, convenience, fairness, and comity' in deciding whether to exercise jurisdiction." *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (citation omitted). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendant jurisdiction doctrine ... will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Here, this action has been pending for approximately one year and is still in the early stages of development. The remaining state law claims (with the exception of claims pursuant to the NYSHRL and N.Y. Lab. L. § 740) do not significantly overlap with the issues decided here related to the federal law claims but instead comprise of claims related to various procedural statutes and state law torts. The Court concludes that these issues of state law would be better addressed by a state court given the absence of any remaining federal law claims in this action. The Court therefore declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and finds that such claims should be dismissed without prejudice to refiling in state court within the time limit specified by the law, unless Plaintiff files a successful motion to amend the Amended Complaint that remedies the deficiencies as to any of Plaintiff's federal law claims.

**ACCORDINGLY**, it is

**ORDERED** that Defendants' motions to dismiss (Dkt. Nos. 35, 36) are **GRANTED**; and

it is further

**ORDERED** that all of Plaintiff's federal law claims pursuant to the ADA, the ADEA, the

Age Discrimination Act of 1975, Title VI, Title VII, and 42 U.S.C. § 1983 are **DISMISSED**

**without prejudice** to amendment in this action upon a successful motion to amend under

N.Y.N.D. L.R. 15.1 filed within **THIRTY (30) DAYS** of the entry of this Decision and Order,

and **with prejudice** upon the failure to file such a successful motion to amend; and it is further

**ORDERED** that Plaintiff's state law claims shall be **DISMISSED** **without prejudice** to

refiling in state court within the applicable limitations period, unless Plaintiff files the above-

described successful motion to amend under N.Y.N.D. L.R. 15.1 filed within **THIRTY (30)**

**DAYS** of the entry of this Decision and Order that revives any of Plaintiff's federal law claims.

Dated: July 29, 2026
       Syracuse, New York

Glenn T. Suddaby
U.S. District Judge